# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| | CASE NUMBER: 8:04-cr-236-T-23MSS |
| vs. | USM NUMBER: 70964-004 |
| NELSON FERNANDO CONTENTO | Defendant's Attorney: Joaquin Perez, ret |

THE DEFENDANT:

 X  pleaded guilty to count ONE of the Indictment.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii) | Conspiracy to Possess with the Intent to Distribute 5 kilograms or more of Cocaine | 1992 | ONE |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

 X  Counts TWO, FIVE, and SIX are dismissed in accordance with the plea agreement.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.
If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: March 6, 2006

/s/ Steven D. Merryday

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

DATE: March 9th, 2006

| | |
|---|---|
| Defendant: NELSON FERNANDO CONTENTO | Judgment - Page 2 of 6 |
| Case No.: 8:04-cr-236-T-23MSS | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **TWO HUNDRED TEN (210) MONTHS** as to count one of the Indictment.

__X__ The court makes the following recommendations to the Bureau of Prisons: (1) that the defendant be placed in either FCI Miami, Florida or FCI Coleman, Florida and (2) that the defendant be allowed to participate in the 500-Hour Comprehensive Drug Treatment Program, while incarcerated.

__X__ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

    ___ at ___ a.m./p.m. on ___.
    ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    ___ before 2 p.m. on ___.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                United States Marshal

                               By: _____
                                                Deputy Marshal

| | |
|---|---|
| Defendant: NELSON FERNANDO CONTENTO | Judgment - Page 3 of 6 |
| Case No.: 8:04-cr-236-T-23MSS | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of SIXTY (60) MONTHS as to count one of the Indictment.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

__X__ The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year.

__X__ The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Sheet 3C - Supervised Release

| | | |
|---|---|---|
| Defendant: | NELSON FERNANDO CONTENTO | Judgment - Page 4 of 6 |
| Case No.: | 8:04-cr-236-T-23MSS | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X   The defendant shall provide the probation officer access to any requested financial information.

| Defendant: | NELSON FERNANDO CONTENTO | Judgment - Page 5 of 6 |
|---|---|---|
| Case No.: | 8:04-cr-236-T-23MSS | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| Totals: | $100.00 | $ waived | $ |

— The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

— The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ | $ | |

— Restitution amount ordered pursuant to plea agreement $ _____.

— The defendant shall pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

— The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  — the interest requirement is waived for the ___ fine ___ restitution.

  — the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| Defendant: NELSON FERNANDO CONTENTO | Judgment - Page 6 of 6 |
| Case No.: 8:04-cr-236-T-23MSS | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__ Lump sum payment of $ __100.00__ due immediately, balance due

    ___ not later than _____, or

    ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B. ___ Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ___ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. ___ Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

___ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:


___ The defendant shall pay the cost of prosecution.

___ The defendant shall pay the following court cost(s):

_X_ The defendant shall forfeit the defendant's interest in the following property to the United States:

Pursuant to the Preliminary Order of Forfeiture and Forfeiture Money Judgment (Doc. 129) attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,　　:
　　　　　　　　　　　　　　　　　　　:
　　　Plaintiff,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　　: Case No. 8:04-cr-236-T-23MSS
　　　　　　　　　　　　　　　　　　　:
NELSON FERNANDO CONTENTO,　　:
　　　　　　　　　　　　　　　　　　　:
　　　Defendant.　　　　　　　　　　　:
_____　:

### PRELIMINARY ORDER OF FORFEITURE AND
### FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the Court upon the filing of the United States' Uncontested Motion for entry of a Preliminary Order of Forfeiture and Forfeiture Money Judgment, which, at sentencing, shall be a final order of forfeiture as to defendant Nelson Fernando Contento's right, title, and interest in property subject to forfeiture. The Court hereby finds that the United States has established the requisite *nexus* between the assets listed below and the drug conspiracy to which defendant Nelson Fernando Contento pled guilty pursuant to 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii), as charged in Count One of the Indictment:

    A.    The real properties, including all improvements thereon and appurtenances thereto, located at:

        (1)    4322 Mahogany Ridge Lane, Weston, Florida, which is legally described as follows:

            Lot 51, Block 11, SECTORS 8, 9 AND 10 plat, according to the plat thereof, recorded in Plat Book 161, Page 3 of the Public Records of Broward County, Florida.

            Parcel Identification Number: 0030-05-0510-00

(2) 212 Riviera Circle, Weston, Florida, which is legally described as follows:

A portion of Tract 58, Bonaventure, according to the Plat thereof, as recorded in Plat Book 82, Page 43, of the Public Records, Broward County, Florida being more particularly described as follows:

Commence at the most northerly corner of Tract 15 of said plat; Thence North 63°28'48" West for a distance of 184.65 feet; thence North 04°03'50" West of a distance of 104.00 feet to the POINT OF BEGINNING; thence North 04°03'50" west for a distance of 17.00 feet; thence North 85°56'10" East along the face of the building and it's prolongation for a distance of 41 feet; thence South 04°03'50" East a distance of 17 feet; thence South 85°56'10" West along the prolongation and centerline of a party was for a distance of 41.00 feet to the point of beginning and containing 697 square feet, more or less.

Parcel Identification Number: 10005-10-06900

(3) 3676 Heron Ridge Lane, Weston, Florida, which is legally described as follows:

LOT 19, BLOCK 2, SECTORS 8, 9 AND 10 PLAT, according to the plat thereof, recorded in Plat Book 161, Page 3 of the Public Records of Broward County, Florida.

Parcel Identification Number: 0030-04-1040-00

B. The following vehicles:

    (1) 1996 Harley Davidson motorcycle, owned by Nelson Contento, VIN: 1HD4CAM12TY229690;

    (2) 2003 Audi A4 1.8 Turbo, owned by Ashley Contento, VIN: WAUJC68EX3A173213; and

    (3) 2003 Volvo XC90 T6, owned by Karen Contento, VIN: YV1CZ91H431017212;

C. The following airplanes owned by Nelson Contento:

    (1) 1969 Piper Pa-23-250, Registration No.: N61NC; and

    (2) 2001 Luy Wayman Kit Airplane, Registration No.: N94C.

D. The following monies seized from bank accounts:

   (1) $7,675.32 seized from Bank of America Account Number 000091074622 held by Nelson and/or Karen Contento;

   (2) $37,122.25 seized from Bank of America Account Number 003707879038;

   (3) $10,954.47 seized from Bank of America Account Number 000078002850 held by Ashley Contento (Minor), Nelson and/or Karen Contento, Custodians; and

   (4) $4,180.06 seized from Bank of America Account Number 000078002915 held by Kevin Nelson Contento (FUTTA), Nelson or Karen Contento, Custodians.

E. $8,358.51 in United States currency, which was the proceeds of conduct charged in Count One, seized from Nelson Contento and Karen Contento's bedroom at 3676 Heron Ridge Lane, Weston, Florida on June 17, 2004.

F. The following funds in lieu of forfeiture of real properties:

   (1) $188,833.36 in lieu of forfeiture of the real property located at 1151 Alexander Bend, Weston, Florida;

   (2) $186,764.86 in lieu of forfeiture of the real property located at 4303 Greenbriar Lane, Weston, Florida.

The Court further finds that $ __8,000,000.00__ is the amount of proceeds of Count One, less the net equity recovered by the United States from the above-listed assets which were purchased with narcotics proceeds. Therefore, these assets are subject to forfeiture pursuant to 21 U.S.C. § 853. Accordingly, it is hereby

ORDERED, ADJUDGED and DECREED that the United States' motion is GRANTED.

3

It is FURTHER **ORDERED** that all right, title and interest of defendant Nelson Fernando Contento in the assets identified below are hereby condemned and forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853:

- A. The real properties, including all improvements thereon and appurtenances, thereto located at:

    (1) 4322 Mahogany Ridge Lane, Weston, Florida, which is legally described as follows:

    Lot 51, Block 11, SECTORS 8, 9 AND 10 plat, according to the plat thereof, recorded in Plat Book 161, Page 3 of the Public Records of Broward County, Florida.

    Parcel Identification Number: 0030-05-0510-00

    (2) 212 Riviera Circle, Weston, Florida, which is legally described as follows:

    A portion of Tract 58, Bonaventure, according to the Plat thereof, as recorded in Plat Book 82, Page 43, of the Public Records, Broward County, Florida being more particularly described as follows:

    Commence at the most northerly corner of Tract 15 of said plat; Thence North 63°28'48" West for a distance of 184.65 feet; thence North 04°03'50" West of a distance of 104.00 feet to the POINT OF BEGINNING; thence North 04°03'50" west for a distance of 17.00 feet; thence North 85°56'10" East along the face of the building and it's prolongation for a distance of 41 feet; thence South 04°03'50" East a distance of 17 feet; thence South 85°56'10" West along the prolongation and centerline of a party was for a distance of 41.00 feet to the point of beginning and containing 697 square feet, more or less.

    Parcel Identification Number: 10005-10-06900

    (3) 3676 Heron Ridge Lane, Weston, Florida, which is legally described as follows:

    LOT 19, BLOCK 2, SECTORS 8, 9 AND 10 PLAT, according to the plat thereof, recorded in Plat Book 161, Page 3 of the Public

4

        Records of Broward County, Florida.

        Parcel Identification Number: 0030-04-1040-00

B. The following vehicles:

   (1) 1996 Harley Davidson motorcycle, owned by Nelson Contento, VIN: 1HD4CAM12TY229690;

   (2) 2003 Audi A4 1.8 Turbo, owned by Ashley Contento, VIN: WAUJC68EX3A173213; and

   (3) 2003 Volvo XC90 T6, owned by Karen Contento, VIN: YV1CZ91H431017212;

C. The following airplanes owned by Nelson Contento:

   (1) 1969 Piper Pa-23-250, Registration No.: N61NC; and

   (2) 2001 Luy Wayman Kit Airplane, Registration No.: N94C.

D. The following monies seized from bank accounts:

   (1) $7,675.32 seized from Bank of America Account Number 000091074622 held by Nelson and/or Karen Contento;

   (2) $37,122.25 seized from Bank of America Account Number 003707879038;

   (3) $10,954.47 seized from Bank of America Account Number 000078002850 held by Ashley Contento (Minor), Nelson and/or Karen Contento, Custodians; and

   (4) $4,180.06 seized from Bank of America Account Number 000078002915 held by Kevin Nelson Contento (FUTTA), Nelson or Karen Contento, Custodians.

E. $8,358.51 in United States currency, which was the proceeds of conduct charged in Count One, seized from Nelson Contento and Karen Contento's bedroom at 3676 Heron Ridge Lane, Weston, Florida on June 17, 2004.

5

F. The following funds in lieu of forfeiture of real properties:

(1) $188,833.36 in lieu of forfeiture of the real property located at 1151 Alexander Bend, Weston, Florida;

(2) $186,764.86 in lieu of forfeiture of the real property located at 4303 Greenbriar Lane, Weston, Florida.

It is FURTHER **ORDERED** that defendant Nelson Fernando Contento is personally liable to the United States of America for a forfeiture money judgment in the amount of $ 8,000,000.00 .

The Court shall retain jurisdiction to enter any orders necessary for the forfeiture and disposition of these assets, and to entertain any third party claims that may be asserted in these proceedings.

DONE and ORDERED in Chambers in Tampa, Florida, this 28th day of October, 2005.

_____
UNITED STATES DISTRICT JUDGE

Copies to: Anita M. Cream, AUSA
Attorneys of Record

6